**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **THEODORE ANTIONE PAULS,**       ) | |
|       ) | |
| **Plaintiff,**       ) | |
|       ) | **Civil Action No. 5:12-08488** |
| **v.**       ) | |
|       ) | |
| **SOUTHERN REGIONAL JAIL,** *et al.***,**       ) | |
|       ) | |
| **Defendants.**       ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 4, 2012, Plaintiff, acting *pro se* and formerly incarcerated at the Southern Regional Jail, in Beaver, West Virginia, filed his Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) In his Complaint, Plaintiff names the following as Defendants: (1) Southern Regional Jail; (2) Prime Care Medical Staff; (3) Nurse Pam; (4) Nurse Amanda; and (5) Nurse Katie. (Document No. 1, p. 4.) Plaintiff complains that Defendants violated his constitutional rights by failing to provide him with appropriate medical treatment. (Id., pp. 4 - 5.) Plaintiff explains "[w]hile at Southern Regional Jail, [he] was given medication that was altered causing damage to [his] stomach and intestines." (Id.) Plaintiff states that he was "given the medication because a tooth that had to be pulled." (Id.) Plaintiff claims that he had to be "put on another medication to correct the damage, but [he] is still having problems with [his] stomach and digestive system." (Id.) Plaintiff states that he has had stomach and digestive problems since he was given the medication on June 1, 2011. (Id.) As relief, Plaintiff requests monetary damages. (Id., p. 5.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the

2

Constitution or laws of the United States.

**1.      Improper Party:**

Plaintiff names the Southern Regional Jail as a Defendant. Section 1983 claims, however, must be directed at a "person." See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); also see Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment). Accordingly, the undersigned finds that Plaintiff has not stated a claim for which relief may be granted as to the Southern Regional Jail. The undersigned, therefore, recommends that Plaintiff's claim against the Southern Regional Jail be dismissed.

**2.      Eighth Amendment Claim:**

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." As a general matter, prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter,

sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990).To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment,

4

a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.")

In order to maintain and prevail upon his Eighth Amendment claim, Plaintiff must allege in the first place and eventually establish a "sufficiently serious" deprivation of medical care and resulting "serious or significant physical or mental injury." In view of Plaintiff's allegations, the undersigned will assume that Plaintiff's medical condition is objectively serious. Respecting the second prong of the standard, it is clear that Plaintiff cannot establish that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff complains that Defendants gave him medication that damaged his stomach and intestines. Plaintiff states that the medication was given "because of a tooth that had been pulled." Plaintiff, however, acknowledges that he was evaluated and "put on another medication to correct the damage." Plaintiff does not allege that Defendants knew of and disregarded an excessive risk to his health or safety. Specifically, there is no indication in Plaintiff's Complaint that Defendants were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, or that Defendants drew that inference. To the extent Plaintiff is complaining that he is continuing to suffer from stomach and digestive problems, the undersigned finds that Plaintiff does not allege that Defendants are knowingly failing to provide treatment for the foregoing problems. At most, Defendants may have

been negligent in administering medication that allegedly caused damage to Plaintiff's stomach and intestines.[2] It is well recognized, however, that "negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference." <u>Webb v. Hamidullah</u>, 281 Fed.Appx. 159, 166 (4th Cir. 2008); <u>also see</u> <u>Sosebee v. Murphy</u>, 797 F.2d 179, 181 (4th Cir. 1986)("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Further, an inmate's disagreement with his medical care for an objectively serious medical injury generally will not constitute a sufficient basis for a constitutional claim. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985). Reading Plaintiff's documents liberally as required and considering facts as alleged and which might be implied therein, the undersigned finds that they cannot be read to allege indifference to his serious medical needs in violation of the Eighth Amendment of the United States Constitution. Accordingly, it appears beyond doubt that Plaintiff can prove no set of facts in support of the requisite second prong of his Eighth Amendment claim that he has received inadequate medical treatment.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm

---

[2] To the extent Plaintiff is asserting a negligence claim, the undersigned finds that there is no indication that he has complied with the prerequisites of the MPLA. Under West Virginia law, a plaintiff must satisfy certain prerequisites prior to filing suit against a health care provider. Specifically, a plaintiff must serve each defendant health care provider with a notice of claim with an attached screening certificate of merit executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence at least thirty (30) days prior to filing suit. W. Va. Code § 55-7B-6. This Court has previously recognized that compliance with West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. *Stanley v. United States*, 321 F.Supp.2d 805, 806-07 (N.D.W.Va. 2004); *also see Starns v. United States*, 923 F.2d 34 (4th Cir. 1991)(holding that Virginia's medical malpractice liability cap applies to claims brought against the United States under the FTCA).

and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 3, 2015.

R. Clarke VanDervort
United States Magistrate Judge